## BACHMAN et al. v. NICHOLS et ux.

### No. 9713.

Court of Civil Appeals of Texas. Galveston.
March 10, 1932.

Rehearing Denied March 31, 1932.

Styles & Erickson and Sam J. Styles, all of Bay City, for appellants.

Rucks & Enlow, of Angleton, for appellees.

LANE, J.

This suit was brought by J. H. Nichols and wife, Ellen Nichols, against J. Bachman and C. M. Bachman to recover for personal injuries alleged to have been suffered by Mrs. Ellen Nichols by reason of being struck by an automobile truck.

Plaintiffs allege that the two Bachmans were at the time Mrs. Nichols suffered her injury engaged in the mercantile business in Bay City, Matagorda county, under the firm name of J. Bachman & Son, and that at such time they were copartners in such business. They allege that she was struck by an automobile delivery truck owned and operated by defendants, which was at such time being driven by one Stanley Sweeney, an employee of defendants, in the course of his employment; that at such time said truck was being driven by said employee in a careless and negligent manner, and struck Mrs. Nichols, seriously and permanently injuring her, causing her great mental and physical pain and suffering, to her great injury and damage; that at the time Mrs. Nichols was struck by the truck such truck was being driven at an excessive and dangerous rate of speed; that the driver gave no warning of his approach before striking Mrs. Nichols; that said driver failed to keep a lookout as he approached the street crossing where the collision occurred; that by reason of the truck being driven against Mrs. Nichols she suffered severe injuries to her body; that the bones of her shoulder, right arm, thigh, and leg were fractured; that by reason of such injuries plaintiffs have been damaged in the sum of $5,000, for the recovery of which she prays.

Defendants in their answer say that all matters in controversy had been compromised and settled to the entire satisfaction of plaintiffs; that, as a consideration for the agreed settlement, defendant paid the bills of Drs. Loos and Hampil for attention to Mrs. Nichols, amounting to $65; that they also agreed to pay all other expenses incurred by plaintiffs by reason of said injuries to Mrs. Nichols, which they stand ready and able to do; that as a fact they have paid itemized bills of expenses rendered to them.

They pleaded contributory negligence on the part of Mrs. Nichols. They alleged that the collision was an unavoidable accident, and made general denial of the allegations of plaintiffs' petition.

By supplemental petition, plaintiffs deny generally the allegations of defendant's answer.

The case was tried before a jury. In his charge the court defined the terms "negligence," "ordinary care," "proximate cause," "contributory negligence," and "unavoidable accident," and then submitted to the jury eight special issues, in answer to which the jury found: First, that the automobile which struck and injured Mrs. Nichols was owned and operated by J. Bachman and C. M. Bachman, composing the firm of J. Bachman & Son; second, that at the time Mrs. Nichols was struck by said car Stanley Sweeney was the agent and employee of the defendants; third, that the injuries suffered by Mrs. Nichols were not caused by an unavoidable accident; fourth, that Stanley Sweeney, the driver of the car which struck Mrs. Nichols, was guilty of negligence in striking her, as that term is defined in the charge, and that such negligence was the proximate cause of the injury suffered by Mrs. Nichols; fifth, that Mrs. Nichols was not guilty of negligence, contributing to her injury, as the term "contributory negligence" is defined in the charge; sixth, that $900, if paid at once by defendants, would fairly compensate the plaintiffs in damages for the injuries sustained.

Upon such findings and upon the evidence the court rendered judgment in favor of the plaintiffs against defendants for the sum of $900, interest thereon, and for costs of suit. From such judgment defendants have appealed.

Appellants make contention that the judgment should be reversed, in that, first, the evidence shows as a matter of law that Mrs. Nichols' negligence contributed to her injury, and therefore plaintiffs are precluded from a recovery; second, that there was no evidence to show (1) that either of appellants

owned or operated the truck which struck Mrs. Nichols; (2) to show that the truck that struck Mrs. Nichols was at such time being driven by an employee of defendants or that such truck was owned by either, of the defendants; (3) to show. that Stanley Sweeney, the driver of the truck, was an agent, servant or employee of defendants, or either of them, at the time Mrs. Nichols was struck; (4) to show or tend to show that the driver of the truck was guilty of any act of negligence as charged in the petition of plaintiffs; and (5) to show that the driver of the truck at the time and place when and where Mrs. Nichols was struck was on business for, or attending to any duties for, defendants, or either of them.

They also contend "that the evidence discloses that the accident in which the injury occurred was unavoidable, unforeseeable, and mutual," and therefore the plaintiffs are not entitled to a recovery.

We overrule all of such contentions. There is sufficient evidence to support each and every finding of the jury, and such findings demanded at the hands of the court a rendition of the judgment for the plaintiffs.

We do not think the evidence raises either the issue of contributory negligence or of unavoidable, unforeseeable accident, if, however, such issues are raised by the evidence, such issues were determinable by the jury, and, upon such issues being submitted to the jury and by them found adversely to the contention of appellants, appellants are in no position to reasonably insist that judgment should have been for them upon both or either of such issues, irrespective of the finding of the jury.

No good purpose can be subserved by entering into a detailed statement of the evidence; we therefore refrain from doing so.

The judgment is affirmed.

Affirmed.